**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROSALBA PEREZ, AJAY BORZONI, JOSH WINTER, SHULEM STERNHILL, AS TRUSTEES OF THE UNITED PRODUCTION WORKERS UNION LOCAL 17-18 WELFARE FUND, <br><br> Plaintiffs, <br><br> -against- <br><br> TRI-STATE SURGICAL SUPPLY & EQUIPMENT LTD. a.k.a. TRI-STATE SURGICAL SUPPLY a.k.a. MBS LTD. <br><br> Defendant. | **Civil Action No.: 25-CV-7073** <br><br> **Hon.** |

## COMPLAINT

Plaintiffs, the Trustees and Fiduciaries ("Plaintiffs" or the "Trustees") of the United Production Workers Union Local 17-18 Welfare Fund (the "Fund"), by their attorneys, Rothman Rocco, LLP, complaining of Defendant Tri-State Surgical Supply & Equipment Ltd. a.k.a. Tri-State Surgical Supply a.k.a. MBS Ltd. ("Tri-State" or "Defendant"), allege as follows:

## NATURE OF ACTION

1. The Trustees bring this action, pursuant to the pertinent provisions of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, including, but not limited to, ERISA Sections 502(a)(3) and 515, 29 U.S.C. §§ 1132(a)(3), 1145, to collect unpaid benefit fund contributions, plus interest, the greater of additional interest or liquidated damages in the form of twenty percent (20%) of the

contributions due, auditors' fees, attorneys' fees, and other collection costs from Defendant, plus to compel an audit for the time period from January 1, 2020 through December 31, 2022.

2.  In bringing this action, the Trustees are enforcing the Fund's Agreement and Declaration of Trust (the "Trust Agreement") that governs the Fund, as well as the collective bargaining agreements between Tri-State and United Production Workers Union Local 17-18 (the "Union").

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this action pursuant to Sections 502(e)(1) and 502(f) of ERISA, 29 U.S.C. §§ 1132(e)(1), (f), and 28 U.S.C. §§ 1331 and 1337.

4.  Venue properly lies in this District under the provisions of Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Defendant is located within this District and a breach took place within this District.

## THE PARTIES

5.  Plaintiffs are the Trustees of the Fund, and collectively are the "plan sponsor" within the meaning of Section 3(16)(B)(iii), 29 U.S.C. § 1002(16)(B)(iii). The Trustees are fiduciaries of the Fund, as defined by Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

6.  The Fund is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a multi-employer plan within the meaning of ERISA Section 3(37), 20 U.S.C. § 1002(37). It was established pursuant to the terms of various collective bargaining agreements between the Union, which is a labor organization representing employees in an industry affecting commerce, and various employers. The Fund provides health and welfare benefits to covered employees, retirees, and their dependents. The Fund is operated pursuant to the terms of the Trust Agreement.

7. The Fund maintains offices and is administered at 333 Westchester Avenue, White Plains, New York 10604 in the County of Westchester.

8. Upon information and belief, Defendant Tri-State Surgical Supply & Equipment Ltd. a.k.a. Tri-State Surgical Supply a.k.a. MBS Ltd. is a New York corporation that maintains a principal place of business at 409 Hoyt Street, Brooklyn, NY 11220 in the County of Kings.

9. Defendant was, at all times relevant hereto, party to a collective bargaining agreement with the Union ("CBA"). Pursuant to the CBA, Defendant was, at all times relevant hereto, obligated to make contributions to the Fund on behalf of certain of its employees. As such, Defendant is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5).

10. Pursuant to the CBA, Defendant was, at all times relevant hereto, bound by all terms and conditions of the Trust Agreement, including all rules, regulations, and procedures promulgated by the Trustees of the Fund pursuant thereto, such as the Fund's Delinquent Employer Policy.

<u>**AS AND FOR A FIRST CLAIM FOR RELIEF**</u>
**(Breach of Contract)**

11. Plaintiffs repeat and reallege each of the allegations contained in paragraphs "1" through "10" as if set forth here at length.

12. As a result of work performed by employees of Defendant, contributions became due and owing to the Fund for the period from July 2022 through December 2022.

Those contributions were remitted after the deadline for payment had passed, and therefore incurred interest.

13.     Pursuant to the Trust Agreement and Delinquent Employer Policy, an employer that fails to make contributions to the Fund for which it is obligated on a timely basis is liable to the Fund, in addition to unpaid contributions, for interest at the rate of twelve percent (12%) per annum or the prime rate set by the Federal Government, whichever is higher, on the amount of unpaid contributions.

14.     Pursuant to ERISA, the Trust Agreement and Delinquent Employer Policy, an employer that fails to make contributions to the Fund for which it is obligated is liable to the Fund, in the event a judgment is awarded in favor of the Fund, in addition to unpaid contributions and interest, liquidated damages in an amount of 20% of the amount of the unpaid contributions, auditor's fees, and reasonable attorney's fees and costs.

15.     Defendant has failed and refused to pay the interest on late payments due and owing to the Fund referenced herein, and the Fund has been damaged in the amount of $30.56 plus interest, liquidated damages, attorney's fees, costs and any other remedies permitted by law.

16.     By reason of its failure to pay the contributions and shortages due and owing to the Fund referenced herein, Defendant is in breach of the CBA, Trust Agreement and Delinquent Employer Policy and is indebted to the Fund in the amount of $677.05 plus interest, liquidated damages, and reasonable attorney's fees and costs.

17.     Defendant's failure to pay its contributions in a timely manner and to remit the interest incurred on the late-paid contributions along with Defendant's failure to comply with

4

required audit proceedings. As a result, Defendant is in breach of the CBA, Trust Agreement, and Delinquent Employer Policy, as well as Section 515 of ERISA, 29 U.S.C. §1145.

### AS AND FOR A SECOND CLAIM FOR RELIEF
**(Breach of Contract)**

18. Plaintiffs repeat and reallege each of the allegations contained in paragraphs "1" through "17" as if set forth here at length.

19. The Trust Agreement and ERISA require Defendant to produce its books and records for audit by the Trustees.

20. Defendant has failed and refused to produce its books and records for audit by the Fund for the period from January 1, 2020 through December 31, 2022.

21. Because of Defendant's refusal to produce its books and records for audit, the Fund is entitled to an Order form the Court compelling Tri-State to submit its books and records to the Fund for all time periods material to this Complaint, plus an award of attorneys' fees, audit fees, and all costs and disbursements.

### AS AND FOR A THIRD CLAIM FOR RELIEF
**(Violation of ERISA)**

22. Plaintiffs repeat and reallege each of the allegations contained in paragraphs "1" through "21" as if set forth here at length.

23. To the extent that Defendant claims that it has not maintained pertinent books and records for any portion of the period sought to be audited, it has violated the terms of the collective bargaining agreements and the Trust Agreements.

24.     To the extent that Defendant claims that it has not maintained pertinent books and records for any portion of the periods sought to be audited, it has also violated Section 209(a) of ERISA, 29 U.S.C. § 1059(a), which requires an employer to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." In addition, under Section 107 of ERISA, 29 U.S.C. § 1027, "records [must be] available for examination for a period of not less than six years."

25.     To the extent that Defendant claims that it has not maintained pertinent books and records for any portion of the periods sought to be audited, it has also violated Section 515 of ERISA, 29 U.S.C. § 1145, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement… [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

26.     The Trust Agreement empowers the Trustees to take whatever action may be proper and necessary in their discretion to enforce an employer's obligation to the Fund, and to protect the financial integrity of the Fund.

27.     Thus, to the extent that evidence exists enabling the Trustees to approximate contributions owed by a defendant that has failed to maintain pertinent books and records, the Trustees may utilize such evidence to estimate contributions owed rather than imposing the formula set out in the Trust Agreement.

28.     To the extent that evidence exists enabling the Trustees to approximate contributions owed by a defendant that has failed to submit pertinent books and records, that defendant must accept the Trustees' reasonable estimate of contributions owed.

29.     Therefore, Plaintiffs are entitled, under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), to the following in this action: (i) the estimated amount of unpaid contributions, (ii) interest on the unpaid contributions, (iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages, (iv) reasonable attorneys' fees and costs of the action, and, (v) such other legal or equitable relief as the Cour deems appropriate.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
**(Injunctive Relief Pursuant to ERISA)**

30.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs "1" through "29" as if set forth here at length.

31.     Pursuant to the CBA, Trust Agreement, Delinquent Employer Policy, and ERISA, Defendant is required to make contributions to the Fund on a timely basis for so long as Defendant is obligated to do so pursuant to the CBA and any successor agreements.

32.     Defendant has failed to accurately make contributions to the Fund on a timely basis for at least the months of July 2022 through December 2022 and is therefore in breach of its contractual obligations under the CBA, the Trust Agreement and Delinquent Employer Policy and is in violation of ERISA. Defendant's conduct of failing to make accurate payments to the Fund demonstrates a significant likelihood that it will continue to breach the aforementioned contractual and statutory obligations.

33.     Defendant has also failed to comply with audit proceedings for the period from January 2020 through December 2022 and is therefore in breach of its contractual obligations under the CBA, the Trust Agreement and Delinquent Employer Policy and is in violation of ERISA. Defendant's conduct of failing to comply with audit proceedings demonstrates a

significant likelihood that it will continue to breach the aforementioned contractual and statutory obligations.

34. The Fund has no adequate remedy at law to ensure that Defendant will continue to adhere to its contractual and statutory obligations.

35. The Fund will suffer immediate and irreparable injury unless Defendant, its officers, agents, servants, and employees are enjoined from failing, refusing or neglecting to make the required contributions to the Fund on a timely basis for so long as Defendant is contractually and statutorily obligated to do so.

36. Accordingly, the Fund request that the Court issue an injunction permanently enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from violating ERISA by failing, refusing, or neglecting to make required contributions to the Fund.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
### (Continuing Violation of ERISA)

37. Plaintiffs repeat and reallege each of the allegations contained in paragraphs "1" through "36" as if set forth here at length.

38. Defendant has continuously ignored the Fund's continuing demands for payment of all contributions due and owing.

39. Defendant has continuously ignored the Fund's continuing demand for compliance with audit proceedings.

40. During the course of this action, additional contributions and/or shortages may be discovered to have become due and owing to the Fund. If Defendant fails to pay the

8

contributions and shortages on a timely basis, Defendant shall continue to be liable to the Fund for amounts to be determined at the time of trial or judgment.

41.     Defendant's continuing failure to make contributions to the Fund on a timely basis constitutes a breach of the CBA and Trust Agreement and is a violation of Section 515 of ERISA, 29 U.S.C. §1145.

42.     Defendant's continuing failure to comply with audit proceedings on a timely basis constitutes a breach of the CBA and Trust Agreement and is a violation of Section 515 of ERISA, 29 U.S.C. §1145.

43.     By reason of the foregoing, Defendant is liable to the Fund for any contributions and shortages which it fails to pay on a timely basis during the pendency of this action, with interest, liquidated damages, auditor's fees, and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully demand judgment as follows:

1. Ordering Defendant to pay the Fund unpaid interest on late payments in the amount currently due and owing and unpaid interest and unpaid contributions in the amount(s) which may become due and owing during the pendency of this action;

2. Ordering Defendant to pay liquidated damages on all contributions which accrue during the pendency of this action and reasonable auditor's fees, attorney's fees and costs in accordance with the Trust Agreement and ERISA;

3. Ordering Defendant to remit its books and records for audit compliance proceedings;

9

4. Ordering Defendant to pay contributions, interest, liquidated damages, and attorneys' fees and costs on any contributions found to be due and owing pursuant to the audit compliance proceedings;

5. Permanently enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as Defendant remains obligated to contribute to the Fund from failing, refusing, or neglecting to pay and/ or submit the required contributions; and

6. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

ROTHMAN ROCCO, LLP
*Attorneys for Plaintiffs*

*/s/ Elise S. Feldman*
By:_____
    Elise S. Feldman (EF-5273)
3 West Main Street, Suite 200
Elmsford, New York 10523
T: (914) 478-2801
F: (914) 478-2913
Email: efeldman@rothmanrocco.com

Dated: December 23, 2025
      Elmsford, New York