**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ROSALBA PEREZ, AJAY BORZONI, JOSH
WINTER, SHULEM STERNHILL, AS TRUSTEES
OF THE UNITED PRODUCTION WORKERS
UNION LOCAL 17-18 WELFARE FUND,

                    Plaintiffs,

        -against-

TRI-STATE SURGICAL SUPPLY & EQUIPMENT
LTD. a.k.a. TRI-STATE SURGICAL SUPPLY a.k.a.
MBS LTD.

                    Defendant.

**Civil Action No.: 25-CV-7073**

**(OEM) (MMH)**

**STATUS REPORT**

Dear Judge Henry:

      In accordance with the terms of the Court's Order dated January 30, 2026, please accept this status report submitted on February 6, 2026 by counsel for the United Production Workers Union Local 17-18 Welfare Fund (the "Fund") and the Trustees thereof (the "Trustees") (together, the Plaintiffs in this matter). We note that, although we have advised Defendant Tri-State Surgical Supply & Equipment Ltd., a.k.a. Tri-State Surgical Supply, a.k.a. MBS Ltd. ("Defendant" or "Company") to retain counsel and provided this Court's Orders to Defendant, the Company remains unrepresented by counsel. Prior to filing the instant status report, the undersigned reached out to Defendant and Citrin Cooperman ("Citrin"), the third-party accounting firm that provides audit and payroll review services to the Fund, to get the latest information regarding the status of this matter.

### Summary of Case

      The Plaintiffs brought the instant action after multiple attempts by the Fund office through Citrin and counsel to the Fund to compel Defendant to comply with audit proceedings as required by Defendant's collective bargaining agreement with United Production Workers Union Local 17-18 (the "Union"). In addition to seeking to compel Defendant to comply with audit proceedings for the period from January 1, 2020 through December 31, 2022, Plaintiffs also seeks to collect the interest Defendant owes because of its failure to make contribution payments in a timely manner for the period from July 2022 through December 2022.

### Proceedings Since Filing This Case

      On or about January 6, 2026, after Plaintiffs filed and served their Complaint, a Company representative contacted counsel to discuss the matter and to move forward with complying with

required audit proceedings. Plaintiffs' counsel clearly identified themselves as such and advised Defendant to retain counsel. Defendant has not done so. However, Defendant did reach out third-party accounting firm Citrin Cooperman to discuss the audit parameters. As of February 2, 2026, the auditor informed our office that Defendant had provided all the necessary documents. While the auditor does not know exactly how long the document review will take at this point in the process, he estimates that he should be able to finish the report by the first week of March.

Because Defendant has now complied with the audit process, Plaintiffs do not yet have additional need to involve the Court further at this point in the proceedings and therefore hope to avoid incurring additional costs. Importantly, however, Plaintiffs do not know whether the Citrin auditor will uncover a delinquency during his review of Defendant's books and records. Because Defendant's compliance with the audit process came about because of instituting this action, Plaintiffs are unsure whether Defendant will oppose those findings in general or if Defendant will fail to remit payment if any delinquencies should be found. Should that happen, Plaintiffs will need to continue to prosecute this case before the Court. Therefore, Plaintiffs believe that this matter is not yet ripe for closure or dismissal.

### Plaintiffs' Request

Because of the progress of this matter since Plaintiffs filed the instant complaint, Plaintiffs respectfully request that the Court adjourn the deadline for the Proposed Discovery Plan, currently set for February 10, 2026, and the subsequent initial conference, currently set for February 17, 2026 to March 11, 2026 for the Proposed Discovery Plan and to March 18, 2026 for the initial conference. Because the auditor has informed Plaintiffs that Defendant has provided all the required information and documents for the audit, there is nothing more to ask of Defendant prior to the auditor completing his report. Given the Citrin auditor's estimate regarding his completion date for the audit findings, Plaintiffs hope that this adjournment will allow Plaintiffs to provide the audit results to Defendant and to come before the Court knowing whether further litigation will be required to compel payment on delinquencies found (if any) or whether the parties are prepared to settle and close the matter.

DATED: February 4, 2026
     Elmsford, New York

Respectfully submitted,
/s *Elise S. Feldman*
ELISE S. FELDMAN
*Attorneys for Plaintiffs*
Elise S. Feldman, Esq.
Rothman Rocco, LLP
3 West Main Street – Suite 200
Elmsford, New York 10523
T: (914) 478-2801
F: (914) 478-2913
Email: efeldman@rothmanrocco.com
